**54**

STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Mis-
souri, Respondent,

v.

FAMILY MEMORIAL SERVICES, INC., on
Exceptions of Noble J. Cooksey,
et al., Appellants.

No. 55887.

Supreme Court of Missouri,
Division No. 2.

Feb. 22, 1972.

Robert L. Hyder, Ray Conrad, Jr., Jefferson City, Marion E. Lamb, Moberly, for respondent.

Hulen, Hulen & Tatlow, Moberly, for appellants.

JACK P. PRITCHARD, Special Judge.

Appellants Cooksey and Hulen owned 83 acres of land about 1,000 feet from and to the northeast of the city limits of Moberly, Missouri. On December 22, 1959, respondent filed its petition to condemn 19.42 acres for right-of-way purposes and 3.47 acres for easement purposes for new U.S. Highway 63. The land was divided by the new highway, leaving 39.5 acres on its east side and 21 acres on its west side. From exceptions filed to the commissioner's award of damages, $16,859.50, by both parties, the case was tried to a jury which awarded appellants $7,000.00, the difference between which and their evidence of damages exceeded $15,000.00.

The first issue briefed relates to the exclusion of evidence of witness Carl Eisenhauer of the sale of his land located in the same vicinity as that of appellants to the Moberly Housing Authority, but located within the Moberly city limits. It is claimed by appellants that their land was adaptable for use as urban or building sites reasonably in the near future, and that Eisenhauer's land was comparable, and that the court erred in excluding evidence of that sale. Aside from the contention of respondent that appellants made no offer of proof after the objection to this evidence was sustained, the record shows that

Eisenhauer's 4.9-acre tract of land was not only in the city limits but it was bounded on all four sides by public streets, it had sewer facilities available although a district had to be created to get sewers to it, and there was city water available to it. These dissimilarities to appellants' land were sufficient for the court to rule that the Eisenhauer land was not comparable to appellants' land. See State ex rel. State Highway Commission of Missouri v. Koberna, Mo., 396 S.W.2d 654, 662 [8–11], as to the court's discretion in such matters. However, after objection and colloquy and the court's statement that it did not see how the two tracts were comparable, appellants expressly withdrew the question to which there was never any answer or any offer by appellants to show what an answer of the witness might have been. The point is therefore ruled against appellants.

 Witness Proctor identified Plaintiff's Exhibit D, a map upon which he placed properties in colors which were investigated in making his appraisal of appellants' property. He testified that there were two properties shown on the map 9 and 8½ miles from that of appellants. Appellants objected to the exhibit on the ground that the land Proctor had taken into consideration in determining the value of appellants' land was 9 miles away from it, which objection was overruled. Thereafter, Proctor gave testimony as to sales of some 29 other properties in the vicinity and within two to three years of the date of condemnation, to which testimony there was no objection whatever. Respondent's theory was that appellants' property was a farm, as testified to by Proctor who investigated the sales of other farm lands. Even if appellants' objection to Exhibit D is considered to be continuing and that it relates to the testimony of Proctor as to the sale price of the two farms 8½ and 9 miles from appellants, that testimony is not inadmissible as a matter of law merely by reason of the distance away. That distance would go merely to the weight of the testimony. State ex rel. State Highway Commission v. Koberna, supra, loc. cit. 396 S.W.2d 662 [8–11], quoting from In re Armory Site in Kansas City, Mo., 282 S.W.2d 464, 473, " 'In determining the admissibility of evidence of this nature there necessarily must be considerable discretion on the part of the trial judge.' " No reversible error appears with respect to appellants' second point.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by JACK P. PRITCHARD, Special Judge, is adopted as the opinion of the Court.

All of the Judges concur.